IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ARRAN KRANTZ,

Plaintiff,

v.

SHUTTER ZONE MEDIA LLC,

Defendant.

OPINION and ORDER

24-cv-647-jdp

This case arises from a wage dispute between plaintiff Arran Krantz and defendant Shutter Zone Media LLC. Krantz filed a claim with the Equal Rights Division of Wisconsin's Department of Workforce Development, alleging that Shutter Zone failed to pay him overtime, minimum wage, and agreed-upon commissions, in violation of Wisconsin law. To resolve that claim, Shutter Zone paid Krantz the amount he sought in unpaid wages. But it refused Krantz's demand for liquidated damages and attorney fees. Krantz brings claims under the Fair Labor Standards Act (FLSA) and Wisconsin's wage statute seeking liquidated damages and attorney fees. Shutter Zone moves to dismiss Krantz's claims, contending that its tender of payment for the unpaid wages rendered Krantz's claims moot.

The court will deny Shutter Zone's motion because Shutter Zone's tender of backpay did not provide Krantz complete relief for the alleged FLSA violations. Both the FLSA and Wisconsin Statute § 109.03 allow a plaintiff to recover liquidated damages as a remedy for statutory violations. The parties agree that Shutter Zone did not pay Krantz liquidated damages, which means that there is still a live controversy between the parties about Krantz's wage claims.

ALLEGATIONS OF FACT

Plaintiff's complaint alleges the following facts, which the court accepts as true for the purposes of the motion to dismiss. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff Arran Krantz worked for defendant Shutter Zone Media LLC as a real estate photographer from April 2021 to May 2022. In September 2022, Krantz filed a wage claim with the Wisconsin Department of Workforce Development, Equal Rights Division alleging that Shutter Zone misclassified him as an independent contractor instead of its employee, and failed to lawfully pay him all minimum wages, overtime premium pay, and agreed-upon commissions, in violation of Wisconsin law. Dkt. 10-1. Shutter Zone contested the allegations, and the Equal Rights Division conducted a formal investigation.

In January 2024, the Equal Rights Division informed Shutter Zone that it had determined that Krantz was an employee that Shutter Zone had misclassified as an independent contractor. Dkt. 10-2. Shutter Zone had the opportunity to object to the Equal Rights Division's findings or mail a check to Krantz for the unpaid wages if it no longer objected to the complaint. *Id.,* at 2. In response, Shutter Zone sent a check in the amount of $3,164.81, representing $4,783.30 in wages minus applicable deductions.

In February 2024, Krantz made a settlement demand to Shutter Zone for $13,467.87, comprised of $4,783.30 in liquidated damages and $8,684.57 of attorney fees. Shutter Zone did not respond to Krantz's settlement demand. Krantz then brought this lawsuit.

ANALYSIS

Krantz alleges that Shutter Zone's failure to pay him overtime, minimum wage, and his agreed-upon commissions prior to his filing a wage claim with the Equal Rights Division

violated sections 206 and 207 of the FLSA and Wisconsin Statute § 109.03. Krants seeks a declaratory judgment that Shutter Zone violated the FLSA and that he is a "prevailing party" under Wisconsin Statute § 109.03(6). He also asserts a claim under 29 U.S.C. § 216 and Wis. Stat. § 109.03(5) for liquidated damages in the amount of his unpaid wages and a claim for reasonable attorney fees under 29 U.S.C. § 216 and Wis. Stat. § 109.03(6).[1]

Shutter Zone moves to dismiss Krantz's complaint for failure to state a claim under Federal Rule of Procedure 12(b)(6), contending that Krantz "has not asserted a claim for unpaid wages under the FLSA" because his claim with the Equal Rights Division did not assert an FLSA violation and that Krantz's amended complaint "does not request a judgment based on a violation of sections 206 and 207." Dkt. 14, at 3. Shutter Zone's arguments all boil down to the contention that its payment to Krantz rendered moot Krantz's underlaying FLSA wage claim. This is a different question than is at issue in a typical Rule 12(b)(6) motion challenging whether the plaintiff has provided fair notice and stated a plausible claim for relief. *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020). Krantz seeks a declaratory judgment that Shutter Zone violated sections 206 and 207 of the FLSA, and Shutter Zone does not challenge whether Krantz plausibly alleged the elements of an FLSA claim. So the sole issue is the question of mootness: whether Shutter Zone's payment to Krantz extinguished his right to relief under the FLSA.

---

[1] Krantz's original complaint did not include a request for declaratory judgment. But, after Shutter Zone moved to dismiss his original complaint, Dkt. 7, Krantz filed an amended complaint that added his request for a declaratory judgment that Shutter Zone violated the statutes and, as a result, owed liquidated damages. The court will deny as moot Shutter Zone's first motion to dismiss.

"Mootness occurs when no more relief is possible." *Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005). "To eliminate the controversy and make a suit moot, the defendant must satisfy the plaintiffs' *demands*; only then does no dispute remain between the parties." *Id.* Krantz contends that Shutter Zone's tender of backpay in response to his Wisconsin law wage claim did not moot his FLSA claim because he is entitled to liquidated damages under the FLSA.

Under 29 U.S.C.A. § 216(b), "[a]ny employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." The Seventh Circuit has held that "the payment of liquidated damages is mandatory if an employer fails to compensate the employee for overtime wages." *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 404–05 (7th Cir. 1999). Shutter Zone did not provide any liquidated damages when it paid Krantz the amount he specified as his unpaid wages in his administrative state claim. Because Krantz has not received complete relief for Shutter Zone's alleged FLSA violation, his FLSA claim is not moot.

Shutter Zone's motion to dismiss does not address the standard for mootness. Instead, it argues that Krantz cannot bring an FLSA claim for liquidated damages and attorney fees because he did not include it in the claim he filed with the Equal Rights Division and has not received a judgment from a court that Shutter Zone violated to the FLSA. Shutter Zone's arguments are underdeveloped and seem to conflate the issue of mootness with the issue of failure to exhaust administrative remedies. But Krantz was not required to exhaust administrative remedies before bringing an FLSA claim. And the Equal Rights Division's investigation is irrelevant to whether Shutter Zone's failure to pay Krantz those wages in 2021 and 2022 violated the FLSA. To be sure, Krantz may not obtain double recovery, so the

4

payment he received because of his state claim prevents him from seeking a second payment of the same backpay under the FLSA. The findings of the Equal Rights Division are not a judgment with preclusive effect in this court, and Krantz will have the burden of proving his claims with admissible evidence in this case. But the fact that Krantz did not receive a judgment from the Equal Rights Division does not affect his ability to bring an FLSA claim in this court.

Because Krantz has plausibly alleged that he is entitled liquidated damages for Shutter Zone's alleged violation of the minimum wage and overtime provisions of the FLSA, the court will deny Shutter Zone's motion to dismiss.

ORDER

IT IS ORDERED that defendant Shutter Zone Media LLC's motions to dismiss, Dkt. 7 and Dkt. 13, are DENIED.

Entered June 30, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

5